Robert C. Schubert (No. 62684)
Noah M. Schubert (No. 278696)
**SCHUBERT JONCKHEER & KOLBE LLP**
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
Telephone: (415) 788-4220
Facsimile:  (415) 788-0161
rschubert@schubertlawfirm.com
nschubert@schubertlawfirm.com

Thomas G. Shapiro
**SHAPIRO HABER & URMY LLP**
Seaport East
Two Seaport Lane
Boston, MA 02210
Telephone: (617) 439-3939
tshapiro@shulaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GEORGE KERITSIS, individually and on behalf of all other persons similarly situated,<br><br>                                Plaintiff,<br>        vs.<br><br>NETFLIX, INC.,<br>                                Defendant. | Case No.<br><br><u>CLASS ACTION COMPLAINT</u><br><br>DEMAND FOR JURY TRIAL |

Plaintiff George Keritsis, on behalf of himself and all others similarly situated, by and through his undersigned counsel, hereby files this Class Action Complaint against Defendant Netflix, Inc. ("Netflix"), and alleges as follows on information and belief, which allegations are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery:

**<u>SUMMARY OF ACTION</u>**

1. Plaintiff brings this action on behalf of himself and all others similarly situated to obtain monetary and other appropriate relief for himself and members of the Class (defined below) as a result of the breach of contract by defendant Netflix.

2. For a period of time, Netflix solicited persons to subscribe to Netflix's streaming service by guaranteeing that Netflix would not increase monthly subscription prices as long as the subscribers maintained the subscription service continuously. Netflix has broken its contract with these subscribers by unilaterally raising monthly subscription prices.

## PARTIES

3. Plaintiff George Keritsis is a citizen of the State of Florida and a resident of Tarpon Springs, Florida. During the Class Period (defined below), Plaintiff continuously subscribed to the Netflix subscription service.

4. Defendant Netflix is a Delaware corporation that maintains its headquarters in Los Gatos, California. Netflix is a subscription service that provides subscribers with access to motion pictures, television, and other audio-visual entertainment streamed over the Internet to certain Internet-connected TV's, computers, and other devices. Netflix charges subscribers a monthly membership fee for the use of these services.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332(d) and 1453, because (1) this action is a Class action; (2) the putative Class consists of millions of Class members; (3) Plaintiff is a citizen of a different state than Netflix; and (4) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs.

6. The Court also has personal jurisdiction over Netflix because it is headquartered in this District and has sufficient minimum contacts with California.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Netflix is subject to personal jurisdiction in this District, and a substantial portion of the conduct complained of herein occurred in this District.

**INTRADISTRICT ASSIGNMENT**

8. A substantial portion of the acts and transactions giving rise to the violations of law alleged herein occurred in the County of Santa Clara, and as such, this action may be properly assigned to the San Jose division of this Court.

**FACTUAL ALLEGATIONS**

9. Plaintiff saw an advertisement by Netflix in or prior to 2011 stating that the then current subscription price for the Netflix streaming plan of $7.99 per month would be "grandfathered" or guaranteed for as long as Plaintiff continuously maintained his Netflix subscription.

10. Plaintiff contacted Netflix by telephone and was again told by the Netflix telephone representative that the subscription price of $7.99 per month would be grandfathered or guaranteed for as long as Plaintiff continuously maintained his subscription.

11. Based on these representations made by Netflix, Plaintiff subscribed to the Netflix streaming plan and entered into a contract in or prior to 2011. The terms of the contract between Plaintiff and Netflix provided that Plaintiff would pay a subscription price of $7.99 per month in exchange for a Netflix streaming plan, and that such rate would be guaranteed for as long as Plaintiff continuously maintained his Netflix subscription.

12. Plaintiff has continuously maintained his Netflix subscription to the present.

13. Netflix billed Plaintiff $7.99 per month until October 2012. From October 2012 to the present, Netflix billed Plaintiff $8.68 per month.

14. On June 22, 2016, Plaintiff received an email from Netflix stating that "Your special pricing is now ending and as of 7/22/16 your new price will be $9.99 per month." The email also stated subscribers should call 866-579-7172 if they had questions.

15. Plaintiff called the telephone number provided by Netflix and spoke to a Netflix representative. The Netflix representative stated that he could see Plaintiff's account was "grandfathered in." Plaintiff protested that the price increase was inconsistent with the lifetime price guarantee. The Netflix representative stated that Netflix would raise prices for all grandfathered accounts, not just Plaintiff's account.

16. Netflix has acknowledged that it guaranteed not to increase subscription prices to millions of subscribers.

17. In May 2014, Netflix increased the price of its streaming plan for new U.S. subscribers to $8.99 per month. In October 2015, Netflix increased the price of its streaming plan for new U.S. subscribers to $10.99 a month. The existing subscribers before each of the two price increases were "grandfathered in" at their existing rate.

18. In April 2016, Netflix announced that it would "phase out this grandfathering gradually over the remainder of 2016, with our longest tenured members getting the longest benefit."

19. Netflix has also stated that grandfathered accounts represent more than half of its U.S. subscribers, or at least 22 million grandfathered accounts.

20. Despite Plaintiff's protest that he was guaranteed a lifetime price, Netflix has maintained that it will charge Plaintiff the higher price of $9.99 per month.

## CLASS ACTION ALLEGATIONS

21. Plaintiff re-alleges and incorporates the allegations contained in the paragraphs above.

22. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and a proposed Class defined as follows:

> **All persons who entered into an agreement with Netflix for a streaming plan at a subscription price that Netflix promised not to increase for as long as they continuously maintained their subscriptions.**

23. Excluded from the Class are Defendant's officers, directors, affiliates, legal representatives, employees, coconspirators, successors, subsidiaries, and assigns. Also excluded from the Class are any judges, justices or judicial officers presiding over this matter, and the members of their immediate families and judicial staff.

24. This action is properly maintainable as a Class action under Federal Rule of Civil Procedure 23. This action satisfies the numerosity, ascertainability, commonality, typicality, adequacy, predominance, and superiority requirements of this rule.

25. The Class is so numerous that joinder of all members is impracticable. While the Class's exact number is currently unknown and can only be ascertained through appropriate discovery, as set forth above, Netflix has acknowledged that it guaranteed not to increase subscription prices to millions of subscribers. This is more than sufficient to satisfy the numerosity requirement. Each of these Class members can also be ascertained by referencing Netflix's business records, which contain contact information for Class members.

26. Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting only individual Class members. These common questions, which do not vary among Class members and which may be determined without reference to any Class member's individual circumstances, include, but are not limited to:

    (a) Whether Netflix agreed that it would not increase subscription prices for members of the Class as long as they continuously maintained their subscription to the Netflix streaming plan;

    (b) Whether the price increases announced by Netflix are a breach of contract;

    (c) Whether Plaintiff and the Class have been damaged by the wrongs alleged and are entitled to compensatory damages; and

    (d) the proper measure of damages.

27. Each of these common questions is also susceptible to a common answer that is capable of Class-wide resolution and will resolve an issue central to the validity of the claims.

28. Plaintiff's claims are typical of the claims of the other members of the Class, and Plaintiff does not have any interest adverse to the Class.

29. Plaintiff is an adequate representative of the Class because he is a Class member and his interests do not conflict with the Class's interests. Plaintiff has retained competent counsel experienced in litigation of this nature. Plaintiff and his counsel intend to prosecute this action vigorously for the Class's benefit and will fairly and adequately protect the Class's interests.

30. Defendant has acted on grounds generally applicable to the Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Class as a whole.

31. A Class action is superior to all other available methods for the fair and efficient adjudication of this controversy. The amount of damages for any particular Class member is such that the expense and burden of individual litigation would make it impracticable for all members of the Class to redress the wrongs done to them individually. Even if each Class member could afford individual litigation, the court system could not. It would be unduly burdensome if thousands of individual cases were to proceed. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class. Individual litigation also presents the potential for a race to the courthouse and the risk of an inequitable allocation of recovery among those with equally meritorious claims. Individual litigation would increase the expense and delay to all parties and the courts because it requires individual resolution of common legal and factual questions. By contrast, the class-action device presents far fewer management difficulties and provides the benefit of a single adjudication, economies of scale, and comprehensive supervision by a single court.

32. There will be no difficulty in the management of this action as a class action.

33. The members of the Class are identifiable through the records of Netflix.

## COUNT I

**Breach of Contract**

34. Plaintiff, individually and on behalf of the Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint.

35. Plaintiff and the Class entered into a contract with Netflix for subscription to streaming services. Under the terms of the contract, Netflix covenanted not to increase subscription prices for Class members.

36. Plaintiff and the Class performed their duties under the contract or were excused from doing so by waiver, impossibility, impracticability, and/or prevention or hindrance of the contract through a breach of the covenant of good faith and fair dealing by Netflix.

37. All conditions required by the contract for Netflix's performance have occurred or were excused by waiver, impossibility, impracticability, and/or prevention or hindrance of the contract through a breach of the covenant of good faith and fair dealing by Netflix.

38. Netflix has violated the express terms of the contract by increasing subscription prices for Class members. As a result, Netflix breached its contract with Plaintiff and the Class.

39. As a direct and proximate cause of Netflix's breach of the contract, Plaintiff and the Class were harmed and are owed compensatory damages.

## PRAYER FOR RELIEF

Plaintiff, on behalf of himself and the Class, requests that the Court order the following relief and enter judgment against Defendant Netflix as follows:

A. An order certifying the proposed Class under Federal Rule of Civil Procedure 23;

B. An order appointing Plaintiff and his counsel to represent the Class;

C. A finding that Defendant Netflix breached its contract with Plaintiff and the Class;

D. An order permanently enjoining Defendant Netflix from its improper conduct;

E. A judgment awarding Plaintiff and the Class compensatory damages and any other damages authorized by law in amounts to be proven at trial;

F. Prejudgment and postjudgment interest at the maximum allowable rate;

G. Attorneys' fees and expenses and costs of this action; and

H. All other relief, including equitable and injunctive relief, that this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all causes of action so triable.

Dated: June 29, 2016 By his attorneys,

/s/ Noah M. Schubert
Robert C. Schubert (No. 62684)
Noah M. Schubert (No. 278696)
SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
Telephone: (415) 788-4220
Facsimile: (415) 788-0161
rschubert@schubertlawfirm.com
nschubert@schubertlawfirm.com

Thomas G. Shapiro, *pro hac vice* pending
**SHAPIRO HABER & URMY LLP**
Seaport East
Two Seaport Lane
Boston, MA 02210
Telephone: (617) 439-3939
tshapiro@shulaw.com